UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DULEY,<br><br>          Plaintiff,<br><br>     v.<br><br>RIZK et al.,<br><br>          Defendants. | Case No. 1:24-cv-00345-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 13) |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel filed on June 24, 2024. (Doc. No. 11, "Motion"). Plaintiff Kelly Duley, a state prisoner, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on March 22, 2024. (Doc. No. 1, "the Complaint"). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* in this action. (Doc. No. 6). Plaintiff is proceeding on his First Amended Complaint, which remains subject to screening by the Court. (Doc. No. 10).

Plaintiff's Motion identifies the following reasons why counsel should be appointed: (i) Plaintiff is indigent and proceeding *in forma pauperis*; (ii) Plaintiff cannot adequately participate in "investigation and discovery" while incarcerated; (iii) Plaintiff has never been a civil litigant before and believes the issues are complex; (iv) a trial will have conflicting testimony and cross-examination; and (v) Plaintiff has been unable to obtain counsel on his own. (Doc. No. 11).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996) did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). Notably, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances" for the reasons outlined below. *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). The fact that Plaintiff cannot afford legal counsel, does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010). And although the Court granted Plaintiff's motion to proceed *in forma pauperis,* Plaintiff's indigence alone does not entitle him to appointment of counsel. *See Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Further, Plaintiff's ability to litigate while incarcerated are normal challenges faced by all prisoners and other pro se litigants, and do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Contrary to Plaintiff's assessment, this case is not

2

a complex case. This case involves allegations of deliberate medical indifference and excessive force by a medical doctor in connection with the biopsy and follow up treatment of a skin lesion on Plaintiff's left shoulder. (Doc. No. 1 at 3-6). Thus, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Plaintiff's contention that legal counsel will be necessary in case of a trial, does not demonstrate exceptional circumstances. This case is at the early stages of litigation. And, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Finally, Plaintiff's inability to obtain counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Id*. at *2.

Plaintiff has capably filed pleadings and complied with Court Orders. Plaintiff's First Amended Complaint remains subject to screening so the Court cannot at this stage assess whether Plaintiff can show a likelihood of success on the merits at this early stage. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at a later time.

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 11) is DENIED without prejudice.

Dated:     June 28, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE