1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KELLY DULEY,                          Case No.  1:24-cv-00345-HBK (PC)

12                  Plaintiff,             ORDER STRIKING PLAINTIFF'S PLEADING
                                           AND DIRECTING PLAINTIFF TO COMPLY
13          v.                             WITH SCREENING ORDER

14   RIZK, et al.,
                                           JULY 29, 2024 DEADLINE
15                  Defendants.
                                           (Doc. No. 12).
16

17

18          On June 24, 2024, the Clerk docketed Plaintiff's First Amended Complaint, which is

19   before the Court for screening pursuant to 28 U.S.C. § 1915A.  (Doc. No. 10).  Although

20   docketed as Plaintiff's First Amended Complaint, Plaintiff labeled the pleading a "Necessary

21   Amendments to Include (Add) Missing Dates in Original Petition."  (*Id*.).  As more fully stated

22   below, the Court does not construe the pleading as a First Amended Complaint and strikes the

23   pleading but affords Plaintiff an opportunity to file a First Amended Complaint is he so desires.

24          By way of background, Plaintiff initiated this action by filing a pro se civil rights

25   complaint under 42 U.S.C. § 1983 on March 22, 2024.  (Doc. No. 1, "Complaint").  On April 25,

26   2024, the Court screened the Complaint and found that the Complaint failed to state any claim

27   and afforded Plaintiff the opportunity to file an amended complaint to cure the deficiencies

28   identified in the April 25, 2024 Screening Order.  (*See* Doc. No. 7, "Screening Order").  Among

1    the deficiencies identified was Plaintiff's failure to allege a date on which incidents occurred, his

2    reliance on conclusory statements as to his injuries, and his failure to plead facts that amounted to

3    deliberate indifference.  (*Id*. at 4-8).  Plaintiff was afforded the option to take one of three actions

4    by June 6, 2024, including filing a first amended complaint. (*Id*. at 11, ¶1).  The Screening Order

5    explained the first option to file an amended complaint to Plaintiff in detail:

6
         An amended complaint supersedes (replaces) the original complaint
7        and, thus, the amended complaint must be free-standing and
         complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
8        *Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the
         Court's approved Prisoner Civil Rights Complaint Form to file his
9        amended complaint and he must title it "First Amended
         Complaint." For each cause of action and each defendant, Plaintiff
10       must allege facts sufficient to show that the defendant violated his
         civil rights. Plaintiff may not amend the complaint to add unrelated
11       and/or new claims.

12   (Doc. No. 7 at 10).

13          In response to the Screening Order, Plaintiff presumably elected to file an amended

14   complaint. (Doc. No. 10).  However, any pleading filed with the court must be "filed so that it is

15   complete in itself without reference to the prior or superseded pleading.  No pleading shall be

16   deemed amended or supplemented until this Rule has been complied with."  E.D. Cal. Local Rule

17   220. *See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th

18   Cir. 1989) (An amended complaint supersedes (replaces) the original complaint and, thus, the

19   amended complaint must be free-standing and complete).  As noted *supra*, the Court advised

20   Plaintiff that his first amended complaint must be free-standing and complete on its face in the

21   Court's Screening Order.  The Court does not accept piecemeal pleadings and does not

22   reconstruct prior pleadings from subsequent pleadings.  Nor can it refer to a prior pleading to

23   make an amended complaint complete.  Once a party files an amended pleading, the prior

24   pleading ceases to exist and no longer serves any function.

25          Plaintiff correctly notes that the Court is to construe pro se pleadings less stringent than

26   those drafted by attorneys.  (*See* Doc. No. 10 at 1).  However, Plaintiff's pleading cannot be

27   construed as a free-standing complaint, no matter how liberally construed.  Plaintiff seeks to

28   include an "addendum to original pleading" and references his "original petition".  (Doc. No. 11

                                              2

at 1).  The pleading does not include any statements of fact or identify which of Plaintiff's federal civil rights were violated.  (*Id.*).  Plaintiff also did not use the approved Prisoner Civil Rights Complaint Form provided with the Screening Order, nor title the pleading a "First Amended Complaint" as directed.  Thus, the pleading is not sufficient as a first amended complaint and is an improper pleading.  If Plaintiff wishes to amend his complaint, he must do so in compliance with Fed. R. Civ. P. 15 and Local Rule 220.

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall STRIKE Plaintiff's pleading titled "Necessary Amendments to Include (Add) Missing Dates in Original Petition" (Doc. No. 10) from the docket.

2. No later than **July 29, 2024**, Plaintiff shall respond to the Court's April 25, 2024 Screening Order and deliver to correctional officials for mailing (a) a free-standing and complete "First Amended Complaint" that cures the deficiencies identified in the April 25, 2024 Screening Order; (b) a "Notice to Stand on  Complaint" as screened subject to the undersigned recommending the district court to dismiss the Complaint for the reasons stated in the April 25, 2024 Screening Order; or (c) a "Notice Under Rule 41" stating he wishes to voluntarily dismiss this action without prejudice to avoid a strike if he believes he cannot cure the deficiencies in the Complaint. If Plaintiff elects to file an amended complaint, the Court strongly recommends Plaintiff use the enclosed Prisoner Civil Rights Complaint Form in filing his amended complaint.

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4. The Clerk of Court shall include a blank Prisoner Civil Rights Complaint Form for Plaintiff's use as appropriate.

Dated:    June 28, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3